| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00300-FWS-JDE                                            Date: March 28, 2025
Title: Melissa Villasenor et al v. Quadient, Inc. et al

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**PROCEEDINGS: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [16], AND DENYING AS MOOT DEFENDANTS' MOTION TO DISMISS [12]**

In this case, Plaintiff Melissa Villasenor ("Plaintiff") alleges claims against Defendant Quadient, Inc. ("Quadient"), Defendant Hartford Group Benefits Division LLC ("HGBD"), and Defendant Hartford Life and Accident Insurance Company ("HLA")[1] (collectively, "Defendants") for pregnancy discrimination in violation of Fair Employment and Housing Act of 1959 ("FEHA"), disability discrimination in violation of FEHA, failure to accommodate in violation of FEHA, failure to engage in the interactive process in violation of FEHA, retaliation in violation of FEHA, and pregnancy disability leave discrimination. (*See generally* Dkt. 1 Ex. A ("Complaint" or "Compl.") at 17-58.)

Before the court are two motions. The first motion before the court is Plaintiff's Motion to Remand. (Dkt. 16 ("Motion to Remand" or "Mot.").) Defendants oppose the Motion to Remand. (Dkt. 23 ("Opposition" or "Opp.").) Plaintiff filed a reply in support of the Motion to Remand. (Dkt. 24.) The second motion before the court is HLA's Motion to Dismiss. (Dkt. 12 ("Motion to Dismiss").) Plaintiff opposes the Motion to Dismiss. (Dkt. 17.) Defendants filed a reply in support of the Motion to Dismiss. (Dkt. 25.) The court finds these matters appropriate

---

[1] Plaintiff also alleged claims against Defendant Hartford Fire Insurance Company ("HFI"), but the court granted the parties' stipulation to dismiss HFI without prejudice from this case. (Dkt. 22.)

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. 8:25-cv-00300-FWS-JDE | Date: March 28, 2025 |
| Title: Melissa Villasenor et al v. Quadient, Inc. et al | |

___

for resolution without oral argument. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings."); C.D. Cal. L.R. 7-15 (authorizing courts to "dispense with oral argument on any motion except where an oral hearing is required by statute"). Accordingly, the hearing set for April 3, 2025, (*see* Dkt. 18), is **VACATED** and off calendar. Based on the state of the record, as applied to the applicable law, the Motion to Remand is **GRANTED**.

## I.     Background

On March 27, 2023, Quadient hired Plaintiff as a customer service representative. (Compl. ¶ 19.) On January 23, 2024, Plaintiff received an email from Kelli Markway ("Markway"), a HR Business Partner, after missing a scheduled workday. (*Id.* ¶ 20.) Plaintiff explained her absence was due to pregnancy complications. (*Id.*) On March 1, 2024, Ravinder Rai ("Rai"), a Customer Relations Supervisor, issued Plaintiff a verbal warning for lack of activity on her screen despite her explaining that she was experiencing severe morning sickness, characterized by nausea and frequent vomiting. (*Id.* ¶ 21.) On March 7, 2024, Plaintiff was placed on an emergency leave of absence until June 10, 2024, due to her pregnancy. (*Id.* ¶ 23.)

During this time, HGBD facilitated the flow of documents between Plaintiff's treating physician and relevant supervisors and HR team at Quadient. (*Id.* ¶ 24.) "Markway confirmed that they had been notified of Plaintiff's leave, which resulted in her access being disabled." (*Id.* ¶ 27.) On March 28, 2024, HGBD "informed Quadient's team that Plaintiff's leave of absence claim had been denied due to insufficient months of service for FMLA eligibility." (*Id.* ¶ 30.)

In April 2024, Plaintiff gave birth and informed Quadient about the birth of her baby. (*Id.* ¶¶ 31-32.) HGBD "approved Plaintiff's FMLA (Federal Family and Medical Leave Act) and CFRA (California Family Rights Act) leave from May 24, 2024, to June 10, 2024." (*Id.* ¶ 32.) Defendants further informed Plaintiff that "her leave would automatically transition and [she] did not need to take further steps aside from opening her claim with [HGBD]." (*Id.*) In June 2024, Plaintiff encountered difficulties accessing her work account, which prevented her from logging in and clocking in as required. (*Id.* ¶ 35.) On July 18, 2024, Plaintiff received a

___

_____

| UNITED STATES DISTRICT COURT | |
| CENTRAL DISTRICT OF CALIFORNIA | **JS-6** |

### CIVIL MINUTES – GENERAL

| Case No. 8:25-cv-00300-FWS-JDE | Date: March 28, 2025 |
|---|---|
| Title: Melissa Villasenor et al v. Quadient, Inc. et al | |

_____

verbal warning from Customer Relations Supervisor Giovanna Gearring about her attendance. (*Id.* ¶ 36.)

In August 2024, Plaintiff was diagnosed with postpartum depression and learned that she was approximately eight weeks pregnant. (*Id.* ¶ 39.) Plaintiff's doctor provided her a note advising that she take a leave beginning from August 16, 2024, to September 13, 2024. (*Id.*) While Plaintiff had initiated a Short-Term Disability claim, the process was delayed, and communication between Plaintiff's medical provider, HGBD and Quadient became increasingly convoluted. (*Id.* ¶¶ 41-47.)

In September 2024, "Plaintiff had an appointment with her Obstetrician (OB), who extended her leave until October 31, 2024." (*Id.* ¶ 51.) Christelle Prophete-Zamor, Quadient Senior Benefits Administrator, "sent Plaintiff an email attaching a return-to-work release form and mentioned Plaintiff's return to work date of September 13, 2024." (*Id.* ¶ 54.) On September 16, 2024, Markway informed Plaintiff "that if Defendants did not hear from her by the end of the day on September 17, 2024, they would proceed with termination for failure to return from leave." (*Id.* ¶ 58.)

On September 19, 2024, Plaintiff received a box containing instructions on how to return company equipment, marking her first indication that her employment had been terminated. (*Id.* ¶ 59.) Shortly after, Plaintiff called HGBD to inquire about her termination. (*Id.* ¶ 61.) The representatives expressed confusion regarding the termination and indicated that she should not have lost her employment. (*Id.*) Shortly after, Plaintiff and HGBD exchanged further communications regarding Plaintiff's benefits and leave. (*Id.* ¶¶ 62-64.) Plaintiff believes that her absence is a pretextual justification for Defendants' true reason for her termination—pregnancy and disability discrimination. (*Id.* ¶ 65.)

## II.     Legal Standard

"Federal courts are courts of limited jurisdiction" and "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If a suit originates in state court, a defendant may remove the suit to federal

_____

| UNITED STATES DISTRICT COURT<br>CENTRAL DISTRICT OF CALIFORNIA | JS-6 |
|---|---|

**CIVIL MINUTES – GENERAL**

| Case No. 8:25-cv-00300-FWS-JDE | Date: March 28, 2025 |
|---|---|
| Title: Melissa Villasenor et al v. Quadient, Inc. et al | |

court only when the suit could have been filed in federal court originally. 28 U.S.C. § 1441(a). "The removal statute, 28 U.S.C. § 1441, allows defendants to remove when a case originally filed in state court presents a federal question or is between citizens of different states and involves an amount in controversy that exceeds $75,000." *Jackson v. Specialized Loan Servicing, LLC*, 2014 WL 5514142, at *6 (C.D. Cal. October 31, 2014). "[D]iversity jurisdiction does not exist unless each defendant is a citizen of a different State from each plaintiff." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *see also In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1234 (9th Cir. 2008) ("Diversity jurisdiction requires complete diversity between the parties—each defendant must be a citizen of a different state from each plaintiff."). For diversity jurisdiction purposes, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).

### III. Discussion

Defendants removed Plaintiff's case to this court on the basis of diversity jurisdiction, arguing that the parties are completely diverse, and HGBD's California citizenship does not destroy diversity because HGBD (1) was not served with the Complaint and (2) is fraudulently joined. (Dkt. 1 at 7.) Plaintiff argues in the Motion to Remand that (1) Defendants' pre-service

_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

### CIVIL MINUTES – GENERAL

Case No. 8:25-cv-00300-FWS-JDE                                                    Date: March 28, 2025
Title: Melissa Villasenor et al v. Quadient, Inc. et al
_____

removal was improper and (2) Defendants fail to carry their heavy burden to show fraudulent joinder.[2]  (Mot. at 11-14.)  The court agrees.

### A.     Snap Removal

The court observes there is no dispute that HGBD is a citizen of California.  (Mot. at 10; *see generally* Opp.)  However, the parties disagree over whether Defendants were allowed to remove at the time they did because Plaintiff had not yet served HGBD; Plaintiff argues the lack of service on HGBD does not make removal proper, (Mot. at 11), whereas Defendants argue that diversity jurisdiction exists under the "forum defendant" rule, (Opp. at 4-6).

Under the forum defendant rule, "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest *properly joined and served* as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2) (emphasis added).  "Snap removal," the procedural tactic Defendants employed here, is the "'practice of circumventing application of the forum-defendant rule by removing before defendants are served.'"  *Adelaja v. Guillen*, 2025 WL 502050, at *1 (N.D. Cal. Feb. 14, 2025) (quoting *Lam Sing v. Sunrise Senior Mgmt., Inc.*, 2023 WL 3686251, at *3 (N.D. Cal. May 26, 2023).  "There currently is no Ninth Circuit authority directly on the issue of snap removal.  District courts within the Ninth Circuit are split as to whether snap removal is authorized by the statute."  *Badger v. Inari Med., Inc.*, 2024 WL 3276202, at *2 (C.D. Cal. July 1, 2024); *Hershey v. Lab'y Corp. of Am. Holdings*, 2024 WL 2958947, at *2 (C.D. Cal. June 11, 2024) ("Whether pre-service snap removals are permissible under Section 1441(b)(2) is an open question in the Ninth Circuit."); *Adirondack Ins. Exch. v.*

_____

[2] The court notes that the court does not have federal question jurisdiction over this case, as Plaintiff's Complaint raises six state law claims.  (Compl. at 17-58; *see* Mot. at 14); *Buckles v. City of Hope Nat. Med. Ctr.*, 2012 WL 273760, at *4 (C.D. Cal. Jan. 31, 2012) ("The first five claims allege violations of FEHA, and are thus directly based on rights created by state law."); *see also Nero v. BAE Sys., Inc.*, 2013 WL 6188762, at *3 (N.D. Cal. Nov. 25, 2013) ("If a complaint alleges only state law claims and lacks a federal question on its face, then the federal court must grant the motion to remand." (citing 28 U.S.C. § 1447(c)).

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00300-FWS-JDE                                                           Date: March 28, 2025
Title: Melissa Villasenor et al v. Quadient, Inc. et al

___

*Kia Corp.*, 2024 WL 4213586, at *2 (C.D. Cal. Sept. 16, 2024) ("A circuit split exists regarding the acceptability of snap removal, and to date the Ninth Circuit has explicitly declined to rule on the issue." (citing *Casola v. Dexcom, Inc.*, 98 F.4th 947, 964-65 (9th Cir. 2024))).

In the absence of guidance from the Ninth Circuit, the court finds the line of cases rejecting the propriety of snap removal more persuasive. "Speaking generally, district courts have coalesced within judicial districts to, among other things, not 'disrupt the settled expectations of litigants' within the relevant judicial district." *Hershey*, 2024 WL 2958947, at *2 (citing *Regal Stone Ltd. v. Longs Drug Stores California, L.L.C.*, 881 F. Supp. 2d 1123, 1128 (N.D. Cal. 2012)). Because this district favors remand in cases like this, the court finds that rejecting snap removal is appropriate here. *See Hershey*, 2024 WL 2958947, at *3 (finding remand appropriate because the court does not seek to disrupt settled expectations of litigants within this district which has favored remand); *Adirondack Ins. Exch*, 2024 WL 4213586, at *2 (rejecting snap removal based on exhaustive review of recent caselaw and the absence of binding authority); *U.S. Bank Nat'l Ass'n v. Pac. Life Ins. Co.*, 2023 WL 8890832, at *4 (C.D. Cal. Dec. 21, 2023) ("The court observes that the weight of the case law in this District militates against Defendant's proposed interpretation of the forum defendant rule, in part because it promotes gamesmanship."). Moreover, permitting snap removal in this case "would allow removal to turn on timing rather than the purpose behind the forum defendant rule and diversity jurisdiction." *Torres v. Slalom, Inc.*, 2024 WL 4643084, at *4 (C.D. Cal. Oct. 30, 2024); *see also Black v. Monster Beverage Corp.*, 2016 WL 81474, at *4 (C.D. Cal. Jan. 7, 2016) ("[T]he literal meaning of the words 'joined and served' does not control here. A contrary ruling would incentivize sophisticated forum defendants to monitor court dockets and remove actions before any service could occur.").

Accordingly, the court rejects Defendants' argument that the court possesses diversity jurisdiction because HGBD was not served. *See Torres*, 2024 WL 4643084, at *2-5 (rejecting snap removal where an out-of-forum defendant attempted to remove before the in-forum defendant is served); *Hershey*, 2024 WL 2958947, at *2-3 (same); *Black*, 2016 WL 81474, at *4-5 (rejecting defendants' argument that remand is improper because plaintiffs had four months to serve summons prior to removal).

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00300-FWS-JDE     Date: March 28, 2025
Title: Melissa Villasenor et al v. Quadient, Inc. et al

### B.     Fraudulent Joinder

Plaintiff next argues that remand is appropriate because Defendants failed carry their heavy burden to show that HGBD was fraudulently joined. (Mot. at 13-14.) Defendants argue that HGBD is a fraudulently joined defendant because HGBD has no connection with Plaintiff's claims or employment. (Opp. at 6-7.)

"In determining whether there is complete diversity, district courts may disregard the citizenship of a non-diverse defendant who has been fraudulently joined." *Grancare, LLC v. Thrower ex rel. Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (citing *Chesapeake & Ohio Ry. Co. v. Cockrell*, 232 U.S. 146, 152 (1914)). However, courts apply both a "strong presumption against removal jurisdiction," *Gaus*, 980 F.2d at 566, and a "general presumption against fraudulent joinder," *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007) (citation omitted). Accordingly, "[a] defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden'" of proving fraudulent joinder by "clear and convincing evidence." *Grancare*, 889 F.3d at 548; *see also Hamilton Materials*, 494 F.3d at 1206 (citing *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

A defendant may establish fraudulent joinder through: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) (quoting *Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004)). Under the second method, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Hunter*, 582 F.3d at 1046 (quoting *Tillman v. R.J. Reynolds Tobacco*, 340 F.3d 1277, 1279 (11th Cir. 2003)); *see also Grancare*, 889 F.3d at 549 ("A claim against a defendant may fail under Rule 12(b)(6), but that defendant has not necessarily been fraudulently joined.").

The court finds that Defendants have not met their heavy burden of demonstrating that HGBD was fraudulently joined. To carry that burden, Defendants must prove that "there is absolutely no possibility" that the Plaintiff will be able to establish a claim against HGBD.

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00300-FWS-JDE                                    Date: March 28, 2025
Title: Melissa Villasenor et al v. Quadient, Inc. et al

___

*Martinez v. Michaels*, 2015 WL 4337059, at *10 (C.D. Cal. July 15, 2015) (citing *Hunter*, 582 F.3d at 1044 (9th Cir. 2009)).  In the Complaint, Plaintiff alleges that HGBD approved Plaintiff's leave, told Plaintiff she should not have lost her employment, and sent Plaintiff a document detailing her leave of absence and short-term disability status.  (Compl. ¶¶ 32, 61-64.)  Defendants argue that HGBD "had no connection with Plaintiff's employment, or any claim raised in this Action."  (Opp. at 7.)  Additionally, Defendants state that their "Corporate Secretary verified that HGB[D] is not affiliated" with them, (*Id.* (citing Barnett Decl. ¶ 6)), and "HLA is the 'Hartford' entity that provided relevant insurance and administrative services to Quadient," (*Id.* (citing Barnett Decl. ¶ 7)).  Furthermore, Defendants assert that "the formal correspondence Plaintiff received pertaining to the leave and benefits at issue in this dispute have the terms 'Hartford Benefits 2' and 'Hartford Benefits Claim Team,' which [Plaintiff] believes refer to HGB[D] although HGB[D] is not specifically named anywhere in this correspondence."  (*Id.* at 8 (citing Supp. Greenbaum Decl., ¶ 5, Ex. 3).)

    The court finds these declarations insufficient to carry Defendants' "heavy burden" to prove that "there is absolutely no possibility" that Plaintiff will be able to establish a cause of action against HGBD.  *Martinez*, 2015 WL 4337059, at *10.  Although Defendants cite declarations denying HGBD's involvement with Plaintiff's employment, the court finds the declarations alone are insufficient to carry Defendants' heavy burden.  *See Grancare*, 889 F.3d at 551 ("But a denial, even a sworn denial, of allegations does not prove their falsity . . . ."); *Golden v. Microsoft Corp.*, 727 F. Supp. 3d 867, 874-75 (N.D. Cal. 2024) (finding that declarations denying the underlying conduct do not prove that plaintiff cannot assert a viable claim against defendants); *Clark v. Walgreens Co.*, 2022 WL 2307201, at *3 (N.D. Cal. June 27, 2022) (finding that defendant's declaration denying alleged conduct insufficient to prove fraudulent joinder by clear and convincing evidence).  Moreover, although Defendants' declarations cast doubt on Plaintiff's allegations, this merely creates a factual dispute regarding HGBD's role, and when faced with conflicting accounts concerning HGBD's role, the court must resolve the factual dispute in Plaintiff's favor.  *See Malekzadeh v. Costco Wholesale Corp.*, 2023 WL 4311262, at *2 (N.D. Cal. Apr. 10, 2023) (resolving factual dispute regarding defendant's role in plaintiff's favor); *see also Pacumio v. Wells Fargo Bank, N.A.*, 2020 WL 887929, at *2 (N.D. Cal. Feb. 24, 2020) ("If factual issues are in dispute, the Court must resolve

___

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 8:25-cv-00300-FWS-JDE　　　　　　　　　　　　　Date: March 28, 2025
Title: Melissa Villasenor et al v. Quadient, Inc. et al

___

'all disputed questions of fact . . . in the plaintiff's favor.'" (citing *Hornby v. Integrated Project Mgmt.*, 2014 WL 7275179, at *5 (N.D. Cal. Dec. 22, 2014))).

　　　Based on the court's finding that Defendants have not shown by clear and convincing evidence that Plaintiff cannot possibly state a claim against HGBD, the court concludes that Defendants have failed to meet their burden of showing that HGBD was fraudulently joined such that its California citizenship should be disregarded for purposes of establishing diversity jurisdiction. Considering HGBD's California citizenship means that there is not complete diversity, that the court lacks subject matter jurisdiction over this case, and that the case must be remanded. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (explaining that diversity jurisdiction "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"); *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1181 (9th Cir. 2004) ("For a case to qualify for federal jurisdiction under 28 U.S.C. § 1332(a), there must be complete diversity of citizenship between the parties opposed in interest.").

## IV.　Disposition

　　　For the reasons stated above, the court **GRANTS** the Motion to Remand and **REMANDS** this action to Orange County Superior Court as case number 30-02025-01451618-CU-OE-WJC. The Motion to Dismiss is **DENIED AS MOOT**.

___